IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CINDY MARTIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause Number. 4:07CV1388 HEA |
| ) | |
| STAJO IRON and METAL, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Intervene, [Doc. No. 38], filed by Hanover Insurance Group and Honeyville Metal, Inc., and Plaintiff's Application for Approval of Wrongful Death Settlement, [Doc. No. 41]. On August 18, 2008, the Court heard argument on the Motion to Intervene and testimony regarding the settlement. For the reasons set forth below, the motion to intervene will be granted. The motion to approve the settlement will be denied at this time.

This is a wrongful death action which was originally brought by decedent Weldon Lambright's widow, Mary Lambright, under the provisions of the Missouri Wrongful Death Statute. R.S.Mo. § 537.080. On June 25, 2008, the Complaint was amended[1] to substitute the current plaintiff, Cindy Martin, for Mary Lambright.

---

[1] Plaintiff Mary Lambright was given leave to file the Second Amended Complaint on June 26, 2008.

Cindy Martin is the adult daughter of the decedent. In the Amended Complaint, Plaintiff alleges that she brings this action on behalf of herself and all other persons legally entitled to recover under the Wrongful Death Statute. Pursuant to which[2] spouses, children, regardless of age,[3] and parents are entitled to bring suit for an alleged wrongful death.

On August 13, 2008, Defendants filed a Notice of Hearing, which set forth that the parties would "call up for hearing their Application for Approval of their Wrongful Death Settlement" before this Court on August 18, 2008. This notice was sent to The Hanover Insurance Group.

Honeyville Metal, Inc., decedent's employer, and Hanover, Honeyville's workers' compensation insurance carrier, filed their Motion to Intervene to assert

---

[2] Section 537.080 specifically provides, in pertinent part,:

Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:

(1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

[3] Though not applicable herein, the lineal descendants of any deceased children may also bring suit. While the testimony adduced at the hearing established that decedent's son predeceased him, decedents son has no lineal descendants.

Hanover's rights to subrogation and/or lien rights against the proposed proceeds of the settlement. Hanover, on behalf of Honeyville, paid medical bills related to decedent's accident in the sum of one million, fifty-two thousand, five hundred and sixty dollars and four cents ($1,052,560.04). Additionally, Hanover has paid eighty-seven thousand, eight hundred thirty-seven dollars and forty-five cents ($87,837.45) death benefits to decedent's widow, Mary Lambright, both payments having been made under Indiana's workers' compensation law, IC22-3-2.[4] Relying on Section 13 of the Indiana Workers' Compensation Act, Hanover and Honeyville urge that they are entitled to intervene based on their right of subrogation to the dependent's right of recovery against liable parties for decedent's death.[5]

---

[4] Decedent was a citizen of the State of Indiana. Decedent's widow, children and mother are all citizens of Indiana as well. The accident giving rise to Weldon Lambright's injuries and ultimately his death occurred in Missouri.

[5] Section 13 of the Indiana Workers Compensation Act provides:

> Whenever an injury or death, for which compensation is payable under chapters 2 through 6 of this article shall have been sustained under circumstances creating in some other person than the employer and not in the same employ a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, may commence legal proceedings against the other person to recover damages notwithstanding the employer's or the employer's compensation insurance carrier's payment of or liability to pay compensation under chapters 2 through 6 of this article. In that case, however, if the action against the other person is brought by the injured employee or his dependents and judgment is obtained and paid, and accepted or settlement is made with the other person, either with or without suit, then from the amount received by the employee or dependents there shall be paid to the employer or the employer's compensation insurance carrier, subject to its paying its pro-rata share of the reasonable and necessary costs and expenses of asserting the third party claim, the amount of

Rule 24 of the Federal Rules of Civil Procedure provides, in relevant part,:

compensation paid to the employee or dependents, plus the medical, surgical, hospital and nurses' services and supplies and burial expenses paid by the employer or the employer's compensation insurance carrier and the liability of the employer or the employer's compensation insurance carrier to pay further compensation or other expenses shall thereupon terminate, whether or not one (1) or all of the dependents are entitled to share in the proceeds of the settlement or recovery and whether or not one (1) or all of the dependents could have maintained the action or claim for wrongful death.

   \*  \*  \*  \*  \*  \*  \*  \*  \*

In actions brought by the employee or his dependents, he or they shall, within thirty (30) days after the action is filed, notify the employer or the employer's compensation insurance carrier by personal service or registered mail, of the action and the name of the court in which such suit is brought, filing proof thereof in the action.

The employer or the employer's compensation insurance carrier shall pay its pro rata share of all costs and reasonably necessary expenses in connection with asserting the third party claim, action or suit, including but not limited to cost of depositions and witness fees, and to the attorney at law selected by the employee or his dependents, a fee of twenty-five per cent (25%), if collected without suit, of the amount of benefits actually repaid after the expenses and costs in connection with the third party claim have been deducted therefrom, and a fee of thirty-three and one-third per cent (33 1/3 %), if collected with suit, of the amount of benefits actually repaid after deduction of costs and reasonably necessary expenses in connection with the third party claim action or suit. The employer may, within ninety (90) days after receipt of notice of suit from the employee or his dependents, join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. An employer or his compensation insurance carrier may waive its right to reimbursement under this section and, as a result of the waiver, not have to pay the pro-rata share of costs and expenses.

No release or settlement of claim for damages by reason of injury or death, and no satisfaction of judgment in the proceedings, shall be valid without the written consent of both employer or the employer's compensation insurance carrier and employee or his dependents, except in the case of the employer or the employer's compensation insurance carrier, consent shall not be required where the employer or the employer's compensation insurance carrier has been fully indemnified or protected by court order.

IC 22-3-2-13

Rule 24. Intervention

(a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

(1) In General. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

   \* \* \* \* \* \* \* \* \*

(c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Intervenors' claim fits squarely within the provisions of Rule 24.  Clearly, the intervenors claim an interest relating to the subject matter of the action, and they are so situated that disposing of the action may as a practical matter impair or impede their ability to protect their interest.  Moreover, the existing parties do not

adequately represent that interest; Plaintiff proposes to distribute the limits of an insurance policy among three individuals against whom intervenors have no subrogation rights, and Defendants, for all practical purposes, have no concern as to which parties receive the proceeds, as long as their liability is extinguished. The facts of this case distinguish it from *Kinney v. Schneider Nat. Carriers, Inc*., 200 S.W.3d 607 (Mo.App. 2006), upon which Plaintiff relies. In the present case, although Mary Lambright sets forth that she recognizes the intervenors' lien on any proceeds she may receive from this action, she has affirmatively disavowed any money to which she may be entitled. As such, intervenors' lien may not be effected by a settlement. Plaintiff appears to seek to distribute Defendants' insurance policy limits in such a way as to *avoid* the lien.

Although intervenors have not accompanied their motion[6] with a pleading setting out their claims or defenses, they do indeed detail the grounds upon which their motion is based. The Court is mindful that intervenors only recently received notice of the pending suit and were understandably anxious to file their motion as quickly as possible.

With respect to Plaintiff's claim that the motion to intervene is untimely, the

---

[6] Intervenors will be given leave to file their pleading within 5 days from the date of this Order.

Court is at a loss as to when Plaintiff thinks intervenors should have filed their motion. The first docket entry which establishes that notice was sent to intervenors was the notice filed by Defendants of the hearing. Plaintiff's Second Amended Complaint does not include a certificate of service with respect to intervenors, and the Court is unable to sufficiently ascertain exactly when intervenors became aware of this action. Considering, however, intervenors prompt reaction to the notice of the settlement hearing, the Court concludes that the motion was timely filed.

With respect to Plaintiff's Motion to Approve Wrongful Death Settlement, prior to the hearing, there was nothing in the record detailing the terms of the settlement. At the hearing, the parties disclosed that Mary Lambright, decedent's widow, and Ruth Lambright, decedent's mother, affirmatively disavowed any recovery for which they may be entitled under Missouri's Wrongful Death Statute. Furthermore, Mary Lambright acknowledged that she has received workers' compensation benefits from Hanover on behalf of Honeyville. Counsel for Plaintiff has represented to the Court that Mary Lambright acknowledges that she would be required to reimburse Hanover for any benefit she has received from Hanover if she is to receive any recovery from the parties responsible for her husband's injuries and death.

At the time of the hearing on August 18, 2008, Plaintiff had not yet filed the

proposed settlement agreement.  Subsequent to the hearing, however, Plaintiff has filed a Proposed Settlement Order which details the distribution of the one million dollar ($1,000,000) insurance policy.  The Order, however, has apparently been modified by Plaintiff without Defendants' consent to delete any reference to decedent's medical bills, funeral expenses and Hanover on behalf of Honeyville.  Defendants have filed a "Response to Plaintiff's Motion for Settlement Approval" wherein Defendants apprise the Court of the language which they included in their proposed settlement order and their concern that without language which encompasses the medical bills, funeral expenses, and rights of Hanover, they may still be subject to future claims against them from Hanover.  Defendants seek to include Hanover and the deleted language in the settlement approval order.

It appears to the Court that there has not yet been a meeting of the minds with respect to the settlement of this case.  Plaintiffs seek to eliminate intervenors from inclusion in the settlement.  Defendants seek inclusion of Hanover, and seek to eliminate any liability they may have to Hanover on behalf of Honeyville.  As such, approval of the settlement at this time is clearly not appropriate nor feasible.

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Intervene, [Doc. No. 38], is **GRANTED**.

**IT IS FURTHER ORDERED** that Intervenors are granted 5 days from the date of this Order in which to file an appropriate intervention pleading.

**IT IS FURTHER ORDERED** that the Application for Approval of Wrongful Death Settlement, [Doc. No. 41], is **DENIED WITHOUT PREJUDICE**.

Dated this 21st day of August, 2008.

*/s/ Henry Edward Autrey*

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE